Charles C. Cox and Ermagene D. Cox v. Commissioner.
Cox v. Commissioner
Docket No. 93656.
United States Tax Court
T.C. Memo 1963-100; 1963 Tax Ct. Memo LEXIS 247; 22 T.C.M. (CCH) 468; T.C.M. (RIA) 63100; April 4, 1963
*247 Loren D. Prescott, Esq., for the petitioners. Walter J. Howard, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency of $253.85 in respect of petitioners' 1958 income tax, based upon the disallowance of dependency exemptions for two minor children of the husband, who will hereinafter sometimes be referred to as the petitioner. A stipulation of facts filed by the parties is incorporated herein by reference. Petitioner had previously been married to Louise M. Cox. Their daughter Caroline was born in 1947 in Houston, Texas. Petitioner and Louise were divorced in Texas in 1950. The divorce decree required petitioner to pay $10 a week for the support of Caroline until she should become 16 years of age. Although petitioner and Louise never remarried, it appears that they cohabited together thereafter and their son Clifford was born November 23, 1952, in Seattle, Washington. Caroline and Clifford are the two children whose dependency exemptions are involved herein. Petitioner married Helen Brown in Oakland, California, in 1954, but they were divorced in Seattle in 1956. During 1958, and for *248 some years prior thereto, Louise lived in an apartment in the High Point Housing District, Seattle. Her rent in 1958 was $34 a month. Living with her were not only Caroline and Clifford but also her two children of another marriage, Robert V. Olsen and Betty L. Olsen. The father of Robert and Betty was a veteran who was deceased prior to 1958, and Louise, as his widow, received $55.10 a month from the National Life Insurance Company. Also, during 1958 she received $100 a month from the Veterans' Administration as a pension for Robert and Betty, as well as $48.80 a month for them from Social Security. On August 30, 1958, Louise married Jack Stanley Saxwold in Seattle. He lived with her and the children in her apartment, and contributed towards the maintenance of the household. Petitioner made no cash payments of any kind to Louise during 1958 for the support of either Caroline or Clifford. There is some vague testimony that he paid for some groceries or clothes. The principal basis for petitioner's claim to the dependency exemptions is that he gave Louise various items of furniture and household equipment in 1958 for the benefit of the children. From the evidence it appears that *249 most of this furniture was purchased by petitioner prior to Clifford's birth in 1952 and was used by Louise in her household from the time of acquisition. Some of it was secondhand when acquired. The alleged gift occurred in 1958 in a telephone conversation. However, the arrangement between petitioner and Louise appears to have been very loose and we are by no means satisfied that such furniture and equipment hadn't become Louise's property prior to 1958; nor are we satisfied that it had any substantial fair market value at that time. Moreover, it was used in 1958 for the benefit of the entire household, including Louise, the two Olsen children, and Louise's new husband, as well as Caroline and Clifford. The burden of proof was upon petitioner to show that he furnished more than one-half the support of each of his two children in 1958. We hold that that burden has not been carried on this record. Decision will be entered for the respondent.